**Paramjeet Singh KAMBOW, Petitioner,**

**v.**

Michael **CHERTOFF**,[1] Secretary, De-
partment of Homeland Security,
et al., Respondents.

No. 05–3232–ag.

United States Court of Appeals,
Second Circuit.

May 17, 2007.

Matthew L. Kolken, Sacks, Kolken &
Schultz, Buffalo, N.Y., for Petitioner.

Terrance P. Flynn, United States Attor-
ney for the Western District of New York,
Gail Y. Mitchell, Assistant United States
Attorney, Buffalo, N.Y., for Respondents.

PRESENT: Hon. DENNIS JACOBS,
Chief Judge, and Hon. JOSEPH M.
McLAUGHLIN, and Hon. PETER W.
HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Paramjeet Singh Kambow, an
Indian citizen, seeks review of a November

---

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Department of Homeland Se-
curity Secretary Michael Chertoff is automati-
cally substituted for former Department of
Homeland Security Secretary Tom Ridge as a
respondent in this case.

21, 2002 order of the BIA affirming the September 3, 1999 decision of Immigration Judge ("IJ") Philip J. Montante denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Paramjeet Singh Kambow,* No. A72 114 164 (B.I.A. Nov. 21, 2002), *aff'g* No. A72 114 164 (Immig. Ct. Buffalo Sept. 3, 1999). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ's adverse credibility finding is supported by substantial evidence, because it rested largely on inconsistencies that went to the heart of Kambow's persecution claim. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005); *Zhou Yun Zhang,* 386 F.3d at 74. Kambow wrote in his application and affidavit, prepared in 1993, that his April 1989 detention lasted one month, but Kambow testified that it lasted one week. Letters he submitted from his village leader and a doctor in India, both prepared in 1999, agreed with his testimony, but contradicted his written statements. Kambow explained that he had made a mistake in his application, and alerted his attorney at a prior hearing. However, the IJ reasonably rejected this

explanation, noting that Kambow had recently submitted an affidavit to clarify other problems in his application, but had not corrected this one. In addition, the IJ found that the doctor's letter and the affidavit of the sarpanch merited no significant weight because they lacked foundation—and the affidavit referred to Mr. Kambow with a feminine pronoun. The IJ's determinations regarding the weight of the evidence are generally not subject to reevaluation, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 336 n. 17 (2d Cir.2006), and because the IJ provided a reasonable basis for rejecting Kambow's explanation and documents, we must defer to the IJ under the substantial evidence standard. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007).

Another serious inconsistency cited by the IJ is that Kambow wrote that his father was arrested in 1990, but testified that the arrest was in 1988. This inconsistency was also central to Kambow's persecution claim, because his father was allegedly arrested for the same reason as he was. Moreover, this discrepancy raised a significant question as to the proper chronology of his account. It was thus sufficiently "dramatic," or self-evident, that the IJ properly relied upon it without first soliciting an explanation. *See Majidi,* 430 F.3d at 81; *cf. Ming Shi Xue v. BIA,* 439 F.3d 111, 125 (2d Cir.2006) (requiring that an IJ put an applicant on notice of non-obvious discrepancies).

We need not consider Kambow's remaining claims of error because even if the IJ erred, we would not remand, because it can be confidently predicted that the IJ would adhere to his decision on remand. *See Xiao Ji Chen,* 471 F.3d at 338–39. Because a reasonable fact-finder would not be compelled to credit Kambow's account

of persecution, in light of the material inconsistencies relating to his own and his father's arrests, we conclude that these findings alone are sufficient to sustain the adverse credibility finding, and that, therefore, remand would be futile. *See id.*

■ The adverse credibility finding is dispositive of Kambow's asylum and withholding claims. We further note that we lack jurisdiction to consider his CAT claim, because he failed to exhaust it before the BIA, as required by 8 U.S.C. § 1252(d)(1). To satisfy this requirement, we require petitioners, at minimum, to state the relevant law and the factual basis for the alleged error. *See Karaj v. Gonzales,* 462 F.3d 113, 117–19 (2d Cir.2006). Because Kambow did not allege any IJ error with respect to the IJ's denial of his CAT claim specifically before the BIA, we may not consider that claim now. *See id.*

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.